CAIN *vs.* MORRIS.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, FOR THE PARISH OF ST. HELENA, JUDGE JONES, OF THE DISTRICT, PRESIDING.

The maker of a note cannot object to the insufficiency of the protest, because whether the note is protested or not, does not increase his liability.

Protest is necessary to give interest, when none is stipulated, and is good to prove a demand, if specially denied.

This is an action against the maker of a note. Mercer confessed judgment, and Morris, the other maker sued, made defence. He objected to the protest being offered in evidence, on the ground that it was not signed by the witnesses, or recorded. The protest was made in the usual way, in the *presence* of two witnesses, and the original annexed to the petition. There was judgment for the plaintiff, and the defendant appealed.

*Curry*, for the plaintiff, insisted on the affirmance of the judgment, with damages, as for a frivolous appeal.

2. The protest is legal, in the usual form, and made in the *presence* of the proper number of witnesses. The original is annexed to the petition and note sued on, which is all that is required.

3. The protest shows a demand of the makers of the note, at the Branch of the Union Bank in Baton Rouge, where it

was made payable, and the cashier informed the notary there was no funds of the makers to pay their note. This was all that the holder could do, or was required of him. It was all the defendant could ask, until he furnished the cash.

No counsel appeared for the appellant.

*Simon, J.*, delivered the opinion of the court.

This suit is brought on a note of hand, alleged to have been drawn, *in solido*, by the defendants. The note appears to have been protested at maturity. There was judgment, *in solido*, against defendant Morris, one of the makers of the note, from which judgment he appealed.

It is unnecessary for us to examine the exceptions of the defendants to the sufficiency of the service of the petition, as there is no evidence in the record showing the alleged incorrectness of the copy served on them by the sheriff.

On the trial, the defendant, Morris, objected to the introduction in evidence of the protest of the note, on grounds which it is not necessary to notice, and said protest having been admitted by the court, he took a bill of exceptions. We are unable to see any good reason why the protest should have been rejected; the defendant, Morris, was one of the makers of the note, and whether it had been protested or not, does not lessen or increase his liability. Had no interest been stipulated in the note sued on, the effect of the protest would have been to charge the defendant with legal interest from its maturity; and it would have been good also to prove a demand, if it had been specially denied. In this case, there was perhaps no necessity for the production of the protest, but the defendant could not legally and reasonably object to it. His objection gave him an opportunity to bring up this appeal, but we think it is frivolous, and he must pay the damages allowed by law in such cases.

The maker of a note cannot object to the insufficiency of the protest, because whether the note is protested or not, does not increase his liability.

Protest is necessary to give interest when none is stipulated, and is good to prove a demand, if specially denied.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs and five per cent damages, as for a frivolous appeal.